THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN L. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: |
| ) | |
| BRACKENBOX, INC., an Illinois Corporation ) | |
| KELLY BRACKEN, individually and ) | |
| JAMES BRACKEN, individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BRIAN L. CARTER, by and through his attorneys, S.T. LEGAL GROUP, who for his Complaint at Law against the Defendants, BRACKENBOX, INC., an Illinois corporation, KELLY BRACKEN, individually and JAMES BRACKEN, individually, alleges as follows:

### NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act and the Illinois Minimum Wage Act, for the failure to pay overtime wages.

### JURISDICTION

2. Federal jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. and federal question jurisdiction under 28 U.S.C. § 1331 as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### VENUE

3. Pursuant to 29 U.S.C. § 1391, venue lies in the Northern District of Illinois in that Plaintiff is a resident in this District, the Defendants are engaged in business in this District, and

a substantial part of the alleged events or omissions giving rise to the claims occurred in this District.

## PARTIES

4. At all relevant times, the Plaintiff, BRIAN L. CARTER, was a resident of Hazel Crest, State of Illinois.

5. At all relevant times, the Defendant, BRACKENBOX, INC., was a corporation organized under the laws of the State of Illinois with its principal place of business in Markham, State of Illinois.

6. Upon information and belief, the Defendant, BRACKENBOX, INC., is in the business of renting garbage dumpsters to residential and commercial customers, which includes delivering and picking up the dumpsters.

7. Upon information and belief, at all relevant times, the Defendant, KELLY BRACKEN, was a resident of the State of Illinois.

8. Upon information and belief, at all relevant times, the Defendant, JAMES BRACKEN, was a resident of the State of Illinois.

9. The Defendant, KELLY BRACKEN, is the President of the Defendant, BRACKENBOX, INC and the Defendant, JAMES BRACKEN is the secretary of BRACKENBOX, INC.

10. The Defendants, KELLY BRACKEN and JAMES BRACKEN, are and were involved in the day-to-day business operations of the Defendant, BRACKENBOX, INC., and have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business' checking accounts, including payroll accounts,

and have the authority to participate in decisions regarding employee compensation and capital expenditures.

11. As the president and secretary of BRACKENBOX, INC., the Defendants, KELLY BRACKEN and JAMES BRACKEN, directly benefit and derive financial gain from BRACKENBOX, INC.'s failure to pay its employees their wages in accordance with the applicable wage laws as described herein.

## BACKGROUND

12. On or about July 7, 2019, the Plaintiff, BRIAN L. CARTER, agreed to become an employee of the Defendant, BRACKENBOX, INC., as a roll-off truck driver.

13. In exchange for his services as a roll-off truck driver, the Plaintiff, BRIAN L. CARTER, was to be compensated at an hourly rate.

14. During the time of his employment, this hourly rate increased from twenty dollars ($20.00) per hour to twenty-five dollars ($25.00) per hour.

15. In exchange for his services as a roll-off truck driver, the Plaintiff, BRIAN L. CARTER, was to receive his due compensation in weekly pay periods.

16. During the time of his employment with the Defendants, the Plaintiff, BRIAN L. CARTER, was directed to work, and did work, over sixty (60) hours per work week.

17. Plaintiff, BRIAN L. CARTER, was never paid any overtime pay for any hours he worked over forty (40) per week.

18. On or about February 4, 2023, the Plaintiff, BRIAN L. CARTER, left the Defendants' employ.

**COUNT I – Violation of the Fair Labor Standards Act**

19. The Plaintiff, BRIAN L. CARTER, incorporates and adopts paragraphs 1 through 18 as if set forth herein fully as paragraph 19.

20. At all relevant times, there was in effect the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

21. During the course of employment, the Plaintiff, BRIAN L. CARTER, was an "employee" as defined by 29 U.S.C. 203(e).

22. During the course of employment, the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, were "employers" as that term is defined by 29 U.S.C. 203(d).

23. At all relevant times the Defendant, BRACKENBOX, INC., was an employer or enterprise engaged in commerce or the production of goods for commerce within the definitions of 29 U.S.C. §203(s).

24. Section 207 of the Fair Labor Standards Act (hereinafter "FLSA") provides that:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207.

25. At all times relevant, the Plaintiff, BRIAN L. CARTER, was not exempt from the provisions of the FLSA, including the overtime provisions.

26. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks.

27. The Plaintiff, BRIAN L. CARTER, was entitled to be paid overtime wages at "time and a half" for all time worked in excess of forty hours in individual workweeks.

28. In violation of the FLSA, the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, committed one or more of the following actions:

    a. Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours per week; and

    b. Was otherwise in violation of the FLSA.

29. WHEREFORE, the Plaintiff, BRIAN L. CARTER, prays for judgment against the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, plus his costs of suit, statutory penalties, and attorney's fees.

## COUNT II - Violation of Illinois Minimum Wage Act

30. The Plaintiff, BRIAN L. CARTER, incorporates and adopts paragraphs 1 through 29 as if set forth herein fully as paragraph 30.

31. At all relevant times, there was in effect the Illinois Minimum Wage Act, 820 ILCS 105/1, et. seq.

32. During the course of employment, the Plaintiff, BRIAN L. CARTER, was an "employee" as defined by 820 ILCS 105/3.

33. During the course of employment, the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, were "employers" as that term is defined by 820 ILCS 105/3.

34. Pursuant to Section 4a of IMWA, "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 ½ times the regular rate at which he is employed."

35. At all times relevant, the Plaintiff, BRIAN L. CARTER, was not exempt from the provisions of the Minimum Wage Act, including the overtime provisions.

36. At all times relevant, the Defendants directed the Plaintiff to work, and Plaintiff did work, in excess of forty hours in individual workweeks.

37. The Plaintiff, BRIAN L. CARTER, was entitled to be paid overtime wages at "time and a half" for all time worked in excess of forty hours in individual workweeks.

38. In violation of the IMWA, the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, committed one or more of the following actions:

    a. Failed to compensate the Plaintiff at his lawful overtime rate of pay for all hours worked in excess of forty hours week; and

    b. Was otherwise in violation of the IMWA.

39. Pursuant to Section 12 of IMWA, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action treble the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12.

40. Defendants' failure and refusal to compensate overtime wages for hours worked in excess of forty hours per week was a willful violation of the IMWA.

WHEREFORE, the Plaintiff, BRIAN L. CARTER, prays for judgment against the Defendants, BRACKENBOX, INC., KELLY BRACKEN and JAMES BRACKEN, plus his costs of suit, statutory penalties, and attorney's fees.

    Respectfully Submitted,

_____
Diana C. Servos
Attorney for Plaintiff, Brian L. Carter

Diana C. Servos (4994471)
S.T. Legal Group
1020 Milwaukee Avenue, Suite 335
Deerfield, Illinois 60015
Phone: (847) 654.9200
Email: DServos@stlegalgroup.com