**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BRIAN L. CARTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 23-cv-3329** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **BRACKENBOX, INC., an Illinois** | ) | |
| **Corporation; KELLY BRACKEN,** | ) | |
| **Individually; and JAMES BRACKEN,** | ) | |
| **Individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian L. Carter filed this lawsuit against his former employer, defendants Brackenbox, Inc., and Kelly and James Bracken, claiming that defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and the Illinois Minimum Wage Act ("IMWA"), 820 ILCS 105/1, *et seq.* (Dckt. #1). Defendants have moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), (Dckt. #9), and their motion is denied for the reasons stated below.

## I.    THE ALLEGATIONS OF PLAINTIFF'S COMPLAINT

The facts alleged in plaintiff's complaint are as follows:

Defendant Brackenbox, Inc. ("Brackenbox") is an Illinois corporation that is in the business of renting garbage dumpsters to residential and commercial customers and is engaged in commerce or the production of goods for commerce. (Dckt. #1 ¶¶5–6, 23). Defendants Kelly and James Bracken (both Illinois residents) served as Brackenbox's President and Secretary, respectively. (*Id*. ¶¶7-9). In those roles, Kelly and Bracken were involved in Brackenbox's

1

operations, including managing employees, overseeing payroll and expenditures, and supervising individual employees' work. (*Id*. ¶10).

On July 7, 2019, plaintiff Brian L. Carter (also an Illinois resident) began his employment with Brackenbox as a roll-off truck driver. (*Id*. ¶¶4, 12). Defendants agreed to pay plaintiff on an hourly basis once per week at a rate of $20 (and later, $25) per hour. (*Id*. ¶¶13–15). Plaintiff, under defendants' direction, worked more than sixty hours per week but defendants never paid him overtime wages. (*Id*. ¶16–17). On February 4, 2023, plaintiff left defendants' employ. (*Id*. ¶18).

In this action, plaintiff alleges that defendants' failure to pay him overtime wages violated the overtime requirements found in Section 207 of the FLSA and Section 4a of the IMWA. (*Id*. ¶¶24, 27–28, 34, 36). Plaintiff further alleges that he was not exempt from those overtime provisions. (*Id*. ¶¶25, 35).

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss under Rule 12(b)(6), the Court construes "the complaint in the light most favorable to the [non-moving party] accepting as true all well-pleaded facts and drawing reasonable inferences in [the non-moving party's] favor." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). Moreover, "[a] motion under rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint,

documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

## III.    DISCUSSION

The FLSA and the IMWA require employers to pay an employee one and one-half times their normal hourly wage for each hour they work in excess of forty hours per week, unless the employees fall within an overtime exemption set forth in the FLSA. 29 U.S.C. §207(a)(1); 820 ILCS 105/4A;[1] *Blanchar v. Standard Ins. Co.*, 736 F.3d 753, 756 (7th Cir. 2013). However, the overtime provisions of the FLSA do not apply to employees over whom "the Secretary of Transportation has [the] power to establish qualifications and maximum hours of service" pursuant to the applicable provision of the Motor Carrier Act ("MCA"), 49 U.S.C. §13501 *et seq*. 29 U.S.C. §213(b)(1).

Defendants assert that plaintiff's complaint should be dismissed because Brackenbox "is a motor carrier of property which transports goods on public highways" within the meaning of the MCA and plaintiff therefore falls within the MCA overtime exemption. (Dckt. #10 at 2, 4). Defendants further assert that:

> While Plaintiff makes the conclusory allegation that his claims are not exempt from any overtime pay provisions in the FLSA or IMWA, in fact, the Complaint entirely fails to address the overtime pay exemption; nor does it allege any facts tending to show it does not apply. Because the Complaint lacks facts tending to support the legal conclusion that Plaintiff is entitled to overtime considering the ample authority establishing that truck drivers such as Plaintiff are exempt from overtime pursuant to the federal Motor Carrier Act, the Complaint must be dismissed[.]

---

[1] "The Illinois General Assembly opted not to define the circumstances under which an employee is exempt from the overtime requirements of the [IMWA]; instead, it has chosen to defer to decisions by Congress and the United States Department of Labor." *Resurrection Home Health Servs. v. Shannon*, 983 N.E.2d 1079, 1086 (Ill.App.Ct. 2013). Consequently, "[a] violation of the Illinois Minimum Wage Law is contingent on establishing a violation under the Fair Labor Standards Act of 1938," *id.*, and proof that an employee is exempt under the FLSA establishes that an employee is exempt under the IMWA as well. *See, e.g., Barron v. Lee Enterprises, Inc.*, 183 F.Supp.2d 1077, 1088 (N.D.Ill. 2002).

(Dckt. #10 at 1-2).  Defendants' motion fails for three related reasons.

### A. Plaintiff was not required to plead that he falls outside the coverage of the MCA overtime exemption.

First, it is well-settled that "the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *Blancher*, 736 F.3d at 756 (same); *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 571 (7th Cir. 2012) ("As a remedial statute, the [FLSA] exemptions are narrowly drawn against employers . . . and limited to those establishments plainly and unmistakably within their terms and spirit") (cleaned up).  It is equally well-settled that a plaintiff "need not anticipate and attempt to plead around affirmative defenses" and that a complaint may be dismissed based upon an affirmative defense only where "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (cleaned up). Thus, contrary to defendants' contention, plaintiff's complaint is not subject to dismissal simply because he did not address the MCA overtime exemption or plead facts showing that the exemption does not apply.  *See, e.g., Washington v. Med-Spec. Transp., Inc.*, No. 18 CV 3334, 2019 WL 2016259, at *2 (N.D.Ill. May 7, 2019) (employees of defendant motor carriers "were not obliged to plead that the motor carrier exemption did not apply.").

Moreover, plaintiff has sufficiently pled a plausible claim under the FLSA and the IMWA by alleging that: (1) he was employed by Brackenbox between July 7, 2019 and February 4, 2023; (2) he was to be paid for his work by the hour at a specified wage rate per hour; (3) he was to be paid his due compensation on a weekly basis; (4) he was ordered to (and did) work over sixty hours per work week; and (5) he was never paid any overtime wages for the hours that he worked in excess of forty hours per week.  *See, e.g., Carmona v. Professionals, Inc.*, No. 15 C

8362, 2017 WL 1365590, at *2 (N.D.Ill. Apr. 14, 2017); *Galloway v. Chugach Government*

*Services, Inc.*, 199 F.Supp.3d 145, 149 (D.D.C. 2016) (citing cases).

**B. The Court will not take judicial notice of information regarding Brackenbox that is contained on the Federal Motor Carrier Safety Administration's website.**

Second, the lynchpin of defendants' argument that the MCA overtime exemption bars

plaintiff's claim is their assertion that Brackenbox is a covered "motor carrier" under the MCA.

(Dckt. #10 at 3-6); 49 U.S.C. §13102(14) ("The term 'motor carrier' means a person providing

motor vehicle transportation for compensation").  Although plaintiff does not allege that

Brackenbox is a "motor carrier" in his complaint, defendants assert that the Court can take

judicial notice of the purported fact that Brackenbox is listed as an authorized motor carrier on

the website of the Federal Motor Carrier Safety Administration ("FMCSA") – an agency within

the Department of Transportation that is responsible for motor carrier safety and registration.

(Dckt. #10 at 3-4); *Dept. of Transportation v. Public Citizen*, 541 U.S. 752, 758 (2004).  The

Cout disagrees.

Because judicial notice is "an adjudicative device that substitutes the acceptance of a

universal truth for the conventional method of introducing evidence," it "merits the traditional

caution it is given, and courts should strictly adhere to the criteria established by the Federal

Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Cap. Corp. v.

Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997); *Shahar v. Bowers*, 120 F.3d 211, 214

(11th Cir. 1997) ("the taking of judicial notice of facts is, as a matter of evidence law, a highly

limited process" because "judicial notice bypasses the safeguards which are involved with the

usual process of proving facts by competent evidence").  As such, judicial notice is limited to

facts that are "generally known within the trial court's territorial jurisdiction," or that "can be

accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

Defendants have cited no authority for the proposition that courts can take judicial notice of data compiled on the FMCSA's website. Nor has the Court uncovered any such authority with its own research. On the other hand, at least two courts have refused to take judicial notice of information contained on the FMCSA's online management information system. *See Carey v. Abney*, No. 8:08-CV-433-T-EAJ, 2010 WL 11629049, at *3 n.5 (M.D.Fla. Apr. 29, 2010) (declining to take judicial notice of information contained on the FMCSA's website to the effect that defendant was classified as an intrastate – rather than an interstate – carrier); *FCCI Ins. Grp. v. Rodgers Metal Craft, Inc.*, No. 4:06-CV-107(CDL), 2008 WL 4185997, at *1 (M.D.Ga. Sept. 9, 2008) (denying motion to take judicial notice of data compiled on the FMCSA's website on the ground that such information is not the kind of evidence contemplated by the Federal Rules of Evidence). The Court finds these decisions to be persuasive, and it declines defendants' request to take judicial notice of data concerning the status of Brackenbox as it is purportedly stated on the FMCSA's website.[2]

### C. Plaintiff has not pled himself out of court by alleging that he is within the MCA's overtime exemption.

Defendants assert that plaintiff has brought himself "squarely within" the MCA overtime exemption by alleging that he was employed as a "roll-off truck driver" for Brackenbox, an entity he alleges engages in the transportation of goods for interstate commerce. (Dckt. #15 at 4). This precise argument was rejected in *Helderman v. Renee's Trucking*, No. 08-CV-141-JPG, 2008 WL 2229762, at *1-2 (S.D.Ill. May 29, 2008), where the district court denied defendants'

---

[2] Defendants do not attach a print-out from the FMCSA's website to document what it indicates about the status of Brackenbox.

motion to dismiss on the ground that plaintiff admitted in his complaint that he was "an employee exempt from the strictures of the FLSA under the Motor Carrier Exception to the FLSA."

As the *Helderman* court explained, because of differences between the respective statutes:

> an employer trucking company may be engaged in interstate commerce as defined by the FLSA, but its drivers may not be engaged in transportation in interstate commerce as defined by the Motor Carrier Act such that they would fall within the Motor Carrier Exemption to the FLSA.
>
> Accordingly, the mere concession of all parties that Helderman is a driver and that Defendants engage in interstate commerce within the meaning of the FLSA is not equivalent to an admission by Helderman that, as a driver for Defendants, he engages in interstate commerce under the Motor Carrier Act.
>
> Instead, whether Helderman, and drivers like him, fall under the Motor Carrier Exemption to the FLSA will be decided only on a showing by defendants that the work performed by their drivers subjects the drivers to the Secretary of Transportation's power to establish qualifications and maximum hours of service. . . .
>
> At this early state in the litigation, there is no evidence before the Court from which it could make a determination as to whether the drivers of Renee's Trucking are or are not exempt form the overtime pay requirements of the FLSA. In short, this issue cannot be decided on the pleadings. Therefore, the Court denies Defendants' Motion to Dismiss the FLSA claims.

*Id.*, at *2 (cleaned up). The *Helderman* court denied defendants' motion to dismiss plaintiff's IMWA claim for the same reason. *Id.*, at *3. The Court finds the decision in *Helderman* to be persuasive and it finds that the dismissal of plaintiff's FLSA and IMWA claims would be inappropriate because plaintiff has not pled himself out of court.[3]

---

[3] The Court notes that the decisions that defendants rely upon are distinguishable because they were decided on summary judgment where the courts had sufficient evidence in the record to determine whether the plaintiffs in those cases were subject to the MCA overtime exemption. *See Baez v. Wells Fargo Armored Serv. Corp.*, 938 F.2d 180, 181-82 (11th Cir. 1991); *Edwards v. Aramark Unif. & Career Apparel, LLC*, No. 14 C 8482, 2016 WL 236241, at *5-8 (N.D.Ill. Jan. 19, 2016); *Craft v. Ray's, LLC*,

## CONCLUSION

For all of the above reasons, the Court denies defendants' motion to dismiss, (Dckt. #9), and it orders defendants to answer plaintiff's complaint on or before October 15, 2024. The October 14, 2024 tracking status hearing is stricken and re-set to October 28, 2024 (to track the case only, no appearance is necessary).

**DATE: September 24, 2024**

**Jeffrey I. Cummings**
**United States District Court Judge**

No. 1:08-CV-627-RLY-JMS, 2009 WL 3163148, at *4-5 (S.D.Ind. Sept. 29, 2009), *amended on reconsideration*, No. 1:08-CV-627-RLY-JMS, 2010 WL 148306 (S.D.Ind. Jan. 13, 2010).